# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROY SACKIE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HILTON, et al.,<br><br>    Defendants. | No. 2:16-cv-01993 GEB CKD P<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The court has determined that this case will benefit from a settlement conference. Therefore, this case will be set for a settlement conference before the undersigned on November 13, 2017 at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #24.

Parties will be required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than October 13, 2017.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on November 13,

1

2017, at 9:30 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #24.

2. Plaintiff is to appear at the settlement conference by video conference from his present place of confinement.

3. Parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than October 13, 2017.

4. Parties are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[1]

5. Each party shall provide a confidential settlement statement no later than November 6, 2017 to the following email address: ckdorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement Attn: Magistrate Judge Carolyn K. Delaney, USDC CAED, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than November 6, 2017. The envelope shall be marked "CONFIDENTIAL

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

SETTLEMENT CONFERENCE STATEMENT." Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement" (See L.R. 270(d)).

6. Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

7. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   e. The relief sought.

   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   g. A brief statement of each party's expectations and goals for the settlement conference.

Dated: September 28, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/sack1993.med.doc(x)

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROY SACKIE,<br><br>        Plaintiff,<br><br>  v.<br><br>J. HILTON, et al.,<br><br>        Defendants. | No. 2:16-cv-01993 GEB CKD P<br><br><br>WAIVER OF DISQUALIFICATION |

      Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Delaney participate in the settlement conference scheduled for November 13, 2017. To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

By: _____
    Plaintiff

Dated:_____


By: _____
    Attorney for defendants

Dated:_____